**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILSON GORRELL, | No. 13-17050 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00554-JLT |
| v. | |
| THOMAS C. SNEATH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding[**]

Submitted November 18, 2015[***]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Wilson Gorrell, a former federal prisoner, appeals pro se from the district

court's summary judgment dismissing his diversity action alleging violations of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

state law in connection with the testing of a urine sample.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Gorrell's negligence claim because Gorrell failed to raise a genuine dispute of material fact as to whether defendants breached the duty of care.  *See Flowers v. Torrance Mem'l Hosp. Med. Ctr*., 884 P.2d 142, 145, 147 (Cal. 1994) (elements of professional negligence claim).

The district court properly granted summary judgment on Gorrell's defamation claim because Gorrell failed to raise a genuine dispute of material fact as to the essential element of falsity.  *See Shively v. Bozanich*, 80 P.3d 676, 682-83 (Cal. 2003) (elements of defamation).

We reject Gorrell's contentions that the district court failed to notify him of a filing deadline, failed to consider Gorrell's pro se status, or improperly relied on expert testimony.

We do not consider issues that are not supported by argument or clearly and distinctly raised in the opening brief.  *See Pierce v. Multnomah County, Or*., 76 F.3d 1032, 1037 n.3 (9th Cir. 1996) (issues not supported by argument in pro se brief are deemed abandoned); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)

("We review only issues which are argued specifically and distinctly in a party's opening brief.").

**AFFIRMED.**